IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-30630

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DEVAUGHAN SMITH

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-00325

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Devaughan Smith was convicted in a jury trial on one count of selling crack and on one count of using a telephone in connection with a murder-for-hire plot. On appeal, Smith contends that his drug and murder-for-hire charges should not have been tried together; that the jury should have been required to make a unanimous finding as to whose murder he allegedly planned; and that he should have had more time to prepare pre-trial after the government

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unexpectedly added the drug count in a superseding indictment. For the reasons that follow, we affirm.

1.      Smith first argues that his drug and murder-for-hire charges never should have been tried together. Smith argues that the two counts did not meet the test for joinder under Rule 8(a) of the Federal Rules of Criminal Procedure.[1] And he argues that even if the charges could have been joined together, they shouldn't have been because Rule 14(a) of the Federal Rules of Criminal Procedure required severance.[2] The district court rejected both arguments in denying Smith's motion to sever. We review the denial of a motion to sever for an abuse of discretion, and we will not reverse the district court's decision "unless there is 'clear, specific and compelling prejudice that resulted in an unfair trial.'"[3] This places a "heavy burden" on the defendant.[4] Smith has not met that burden.

There was a logical relationship between Boyd's role as the informant in the August 16 crack sale and the victim Smith sought to have killed. Furthermore, Smith cannot show that his defense to his drug charge was so prejudiced by having the murder-for-hire

---

[1] Rule 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

[2] Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

[3] United States v. Singh, 261 F.3d 530, 533 (5th Cir. 2001) (quoting United States v. Bullock, 71 F.3d 171, 174 (5th Cir. 1995)) .

[4] United States v. Salomon, 609 F.2d 1172, 1175 (5th Cir. 1980).

charge tried at the same time as to result in an unfair trial. The gist of Smith's claim is that by trying the two charges together, the government was allowed to introduce rampant evidence of Smith's drug dealing. That evidence was only relevant to Smith's murder-for-hire charge, Smith argues, and it would have been inadmissible in a trial that dealt solely with his drug charge. Because the jury heard evidence of his drug dealing, Smith concludes, it is likely that the jury did not convict him on the drug count based on the evidence that the government adduced pertaining specifically to his August 16 drug sale, but instead made an improper inference that because Smith is a drug dealer, he must have dealt drugs on August 16.

The government, however, was able to produce strong evidence of Smith's guilt on the drug charge through Detective Treigle's testimony. That strong evidence sharply cuts against Smith's claim that the allegedly improper evidence of drug dealing affected the jury's verdict on his drug charge.[5] Moreover, the district court was able to lessen the potential unfairly prejudicial impact of the drug dealing by instructing the jury of its limited relevance.[6] Thus, Smith cannot show that he was denied a fair trial.

2. Smith next contends that the jury should have been required to make a unanimous finding as to whose murder he allegedly planned. According to Smith, the evidence was equivocal whether

---

[5] See United States v. Wise, 221 F.3d 140, 153 (5th Cir. 2000) (determining that a prosecutor's improper statements were not so prejudicial as to require a new trial in light of, among other things, the strong evidence of the defendant's guilt and the judge's limiting instructions).

[6] United States v. Bullock, 71 F.3d 171, 175 (5th Cir. 1995) ("Any possible prejudice [from improper joinder] could be cured with proper instructions and juries are presumed to follow their instructions.").

Smith wanted Boyd dead, Brown dead, or both of them dead. The jury was not required to make any finding (unanimous or otherwise) regarding who Smith intended to kill. Because Smith did not object to the jury instruction's on this basis, our review is for plain error. There was no plain error here.

Smith was charged under 18 U.S.C. § 1958(a), which provides the following:

> Whoever . . . uses or causes another (including the intended victim) to use . . . any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value . . . .

This language tracks the language in the jury charge.

Smith is not clear about which portion of the statutory language would require a finding on the identity of the victim. It would appear that he teases this requirement out of the portion of the statutory language that states that the defendant must have an "intent that a murder be committed in violation of the laws of any State or the United States . . . ." But to the extent that this language does require a finding on the identity of the victim, the jury was instructed on that precise language and found Smith guilty. In other words, to the extent that statutory language can be read to require a finding on the victim's identity, since the jury was presented with this very language and unanimously found the defendant guilty, the jury implicitly unanimously agreed on the identity of the victim.

3. Smith's last contention is that the district court erred when it denied his motion for a continuance after the government filed a

4

superseding indictment that added the drug charge based on the events that took place at the August 16 drug sale. "Trial judges have broad discretion in deciding requests for continuances, and we review only for an abuse of that discretion resulting in serious prejudice."[7] There was no abuse of discretion here.

Smith first argues that he was entitled to a continuance because he needed more time to investigate the evidence surrounding the August 16 drug sale. During the suppression hearing, however, Smith was given the opportunity to explore the incident with the government's witness. Moreover, Smith had been given notice, even before the superseding indictment had been filed, that the August 16 drug sale would be raised during trial. Given that, the district court was within its discretion to deny the motion for continuance.

Smith also argues that he was entitled to a continuance because on the day of the trial, he told the court he wished to retain private counsel but that private counsel would need additional time to prepare. Smith argues that denying him the continuance had the effect of denying him his constitutional right to counsel of his choice. Given that Smith did not explain to the district court why he wished to retain new counsel or why he waited until the morning of trial to bring this up, the district court was within its discretion to deny the motion for continuance. Moreover, Smith was not denied his constitutional right to counsel given the last-second nature of his

---

[7] United States v. German, 486 F.3d 849, 854 (5th Cir.), cert. denied, 128 S. Ct. 649 (2007).

invocation of his right and given his lack of explanation to the district court for his tardy request.[8]

AFFIRMED. Motion to supplement the record is DENIED.

---

[8] See Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988) (noting that a defendant's constitutional right to counsel of his choice is not boundless).